UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:17 CR 42 SNLJ (ACL) |
| ANTYWAN SEAWOOD, | ) ) ) |
| Defendant. | ) ) |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).  Several pretrial motions filed by Defendant Antywan Seawood are pending.  The first is a Motion to Suppress Statements (Doc. 155) requesting that statements of one of Seawood's Codefendants be suppressed.  The second is an unopposed Motion for Severance.  (Doc. 177.)   Next, is a Motion to Dismiss Counts IV, V, VI, and VII of the Second Superseding Indictment (Doc. 228) based on a claim that those charges were not supported by adequate evidence, and that the return of the Indictment was based, in part, on hearsay.  Fourth, is a Motion to Dismiss Counts VI and VII of the Superseding Indictment for Multiplicity (Doc. 229) while the fifth Motion requests dismissal of Counts III, V, and VII for double jeopardy (Doc. 230).   Except for the Motion to Sever, the Government filed pleadings in Opposition to each of Seawood's Motions.  (Docs. 166, 245, 248, 249.)

A hearing was held on December 21, 2017, regarding the Motions to Suppress Statements and for Severance.  No evidence was presented, the parties simply made

argument.  Following the filing of a Second Superseding Indictment, Seawood filed the three Motions to Dismiss described above.  The parties agreed that an evidentiary hearing was not necessary.  Based on the evidence and legal arguments submitted by the parties, the undersigned recommends that the following findings of fact and conclusions of law be adopted, and that Seawood's Motions, except for the Motion to Sever, be denied.  Since the Government agrees that the Motion for Severance should be granted, that Motion will not be discussed.

## I. The Charges

Seawood and others have been charged with seven serious felonies in the Second Superseding Indictment (hereinafter Indictment).  The charges include:

> **Count I**:  *Possession of Stolen Firearms* on February 28, 2017;
>
> **Counts II and IV**:  *Carjacking* on February 26 and April 23, 2017;
>
> **Counts III, V, and VII**:  *Possession of a Firearm in Furtherance of a Crime of Violence* on February 26, April 23, and April 27, 2017; and
>
> **Count VI**:  *Attempted Carjacking* on April 27, 2017.

Seawood and his Codefendants are alleged to have aided and abetted each other in the commission of each of the crimes charged.

## II.A.  Admissibility of Codefendant Statements

Seawood requests that this Court suppress any statements made by a Codefendant during proffers and interviews with law enforcement agents, as well as during testimony before any grand jury relating to *Seawood's* alleged participation in the April 23, 2017 carjacking as charged in Counts IV and V.  (Doc. 155 at 1.)   Seawood claims that any

such statements amount to inadmissible hearsay as the Codefendant did not participate in the events charged in Counts IV and V, rather he repeated statements he heard another Codefendant make about Seawood's alleged involvement in those offenses. *Id*. at 2-3.

As noted by the Government, Seawood relies on Federal Rule of Evidence 801(d)(2)(E) to support his request; and Seawood does not claim that *his* constitutional rights were violated when the statements were secured from the Codefendant. (Doc. 166 at 1-2.)

When examining the admissibility of coconspirator statements under Rule 801(d)(2)(E), the Eighth Circuit Court of Appeals has directed that a trial court may conditionally admit proffered coconspirator statements during trial and rule on admissibility at the conclusion of all evidence. *United States v. Bell*, 573 F.2d 1040, 1044 (8th Cir. 1978). The *Bell* panel set out the trial procedure for the admission of coconspirator statements under Rule 801(d)(2)(E), 573 F.2d at 1044, which have been followed with approval in subsequent cases. *See United States v. Roulette*, 75 F.3d 418, 424 (8th Cir. 1996); *United States v. Edwards*, 994 F.2d 417, 421, 422 (8th Cir. 1993); *United States v. Misle Bus and Equipment Co.*, 967 F.2d 1227, 1233 (8th Cir. 1992); *United States v. England*, 966 F.2d 403, 407-408 (8th Cir. 1992); *United States v. Cazares*, 521 F.3d 991, 994 (8th Cir. 2008).

*Bell* delineated the following procedural steps for trial courts to follow when the admissibility of a coconspirator's statement is at issue:

> (1) If the prosecutor propounds a question which obviously requires a witness to recount an out-of-court declaration of an alleged coconspirator, the court, upon a timely and appropriate objection by the defendant, may conditionally

admit the statement. At the same time, the court should, on the record, caution the parties (a) that the statement is being admitted subject to defendant's objection; (b) that the government will be required to prove by a preponderance of the independent evidence that the statement was made by a coconspirator during the course and in furtherance of the conspiracy; (c) that at the conclusion of all the evidence the court will make an explicit determination for the record regarding the admissibility of the statement; and (d) that if the court determines that the government has failed to carry the burden delineated in (b) above, the court will, upon appropriate motion, declare a mistrial, unless a cautionary instruction to the jury to disregard the statement would suffice to cure any prejudice. *See United States v. Stanchich,* 550 F.2d 1294, 1298 (2d Cir.1977). The foregoing procedural steps should transpire out of the hearing of the jury. *See* Fed.R.Evid. 104(c).

*Bell*, 573 F.2d at 1044. The *Bell* procedure does not call for a pretrial determination of whether challenged statements were "made by a coconspirator during the course and in furtherance of the conspiracy," rather it directs that the question be born out during trial.

In light of the foregoing, the question of whether the challenged Codefendant statements are admissible pursuant to Rule 801(d)(2)(E) is an issue for trial. Therefore, it is recommended that Seawood's Motion (Doc. 155) requesting a pretrial hearing to consider the admissibility of such statements be denied.

## II.B.  The Motion to Dismiss

Seawood filed a Motion to Dismiss Counts IV, V, VI, and VII of the Indictment (Doc. 228) alleging that those charges were not supported by adequate evidence. He also claims the evidence presented to the grand jury regarding Counts IV-VII included hearsay.

"As a general rule, an indictment is sufficient if it 'first, contains the essential elements of the charged offense and fairly informs a defendant of the charges against

which he must defend, and second, enables him to plead double jeopardy as a bar to a future prosecution." *United States v. Just*, 74 F.3d 902, 903 (8th Cir. 1996) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). *See United States v. Pemberton*, 121 F.3d 1157, 1169 (8th Cir. 1997) (holding to same effect).

The Indictment in the instant case contains a plain, concise, and definite statement of the essential facts constituting the offenses charged and complies in all respects with Rule 7(c) of the Federal Rules of Criminal Procedure. Moreover, the Indictment closely tracks the language of the underlying statutes and, therefore, is legally sufficient. *See United States v. Oakie*, 12 F.3d 1436, 1440 (8th Cir. 1993). *See also United States v. Pennington*, 168 F.3d 1060, 1064 (8th Cir. 1999) (rejecting as meritless sufficiency challenge to indictment that, although it alleged offense recognized by law, did not cite statute and did not use exact words in statute; language in indictment was sufficient to apprise defendant of charges and to allow him to prepare effectively for trial).

An indictment may be based in whole or in part on hearsay evidence. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959); *United States v. Hintzman*, 806 F.2d 840, 843 (8th Cir. 1986); *United States v. Bednar*, 728 F.2d 1043, 1049 (8th Cir. 1984). *See also United States v. Wilkinson*, 124 F.3d 971, 977 (8th Cir. 1997) (concluding that grand jury did not err in relying on hearsay testimony of investigator who would not be witness at trial). Additionally, the exclusionary rule does not prohibit illegally seized evidence from being considered by the grand jury. *United States v. Levine*, 700 F.2d 1176, 1179 (8th Cir. 1983). Even if illegally seized evidence had been presented to the grand jury, the indictment would not be rendered invalid simply by such

evidence. *See United States v. Calandra*, 414 U.S. 338, 354 (1974) (presentation of inadmissible evidence to grand jury poses no threat to the fact-finding process).

Additionally, "a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000) (alteration added) (holding that Fed. R. Crim. P. 12(b)(2) authorizes dismissal of an indictment on the grounds that its allegations are not sufficient to charge an offense but not on the grounds that the evidence is not sufficient to prove the charges).

> "In civil cases, of course, the summary judgment procedures contemplated by Federal Rule of Civil Procedure 56 may be utilized to test, pretrial, the sufficiency of the evidence to establish triable issues of fact; but there is no corollary in criminal cases.  The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29 . . . [W]e simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be."

*United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) (quoting *DeLaurentis*, 230 F.3d at 661) (alterations in original).

"It has long been settled that an indictment is not open to challenge on the ground that there was insufficient evidence before the grand jury." *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999) (citing *Costello v. United States*, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury ... if valid on its face, is enough to call for a trial of the charge on its merits.  The Fifth Amendment requires nothing more.").  As such, it was not necessary for the Government

to submit the Grand Jury transcripts; and the Court did not examine the testimony contained therein.

Seawood's arguments in support of his Motion to Dismiss Counts IV, V, VI, and VII (Doc. 228) on grounds of presentation of inadequate evidence and hearsay to the grand jury fail.  It is recommended that the Motion be denied.

**II.C.  Multiplicity**

Next, Seawood contends that Counts VI and VII should be dismissed.  Count VI alleges an attempted forcible carjacking on April 27, 2017, while Count VII alleges that Seawood and his Codefendants possessed and brandished a firearm in furtherance of that attempted carjacking.  Seawood is also an alleged participant of a carjacking, and use of a firearm in furtherance of the carjacking charged in Counts IV and V, that occurred four days earlier.  Seawood contends that the carjackings were part of a single course of conduct as they "are similar and close enough in time that they could have been charged in single counts."   (Doc. 229 at 1.)

Seawood further claims that a consequence of the two carjacking incidents being charged separately is that he faces an increase of the potential penalties available.  He claims that by separating the April 23 and April 27 carjacking incidents into multiple counts, he is in essence being charged "more than once for the same 'offense.'" *Id.* Seawood contends that since the same statutes are involved there is a question regarding what Congress intended to be the "allowable unit of prosecution." *Id.*, citing *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 221 (1952).

The Government disagrees, arguing that charging the two carjacking incidents is not multiplicitous because the offenses were committed four days apart, with different participants; and concludes that the two carjackings were "not part of a single impulse, plan or thought." (Doc. 248 at 4.)

The Double Jeopardy Clause of the Fifth Amendment states that "[n]o person shall ... be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It prohibits charging the same conduct in more than one count, commonly referred to as "multiplicity." It also prohibits multiple punishments for the same conduct, typically referred to as "double jeopardy." This is how Seawood has characterized his requests for dismissal under the Double Jeopardy Clause. The two concepts are difficult to separate.

"An indictment that charges a single offense in multiple counts is multiplicitous." *Gerberding v. United States*, 471 F.2d 55, 58 (8th Cir. 1973). "The vice of this practice is that multiple sentences may result. Likewise, it may suggest to the jury that the defendant committed more than one crime." *United States v. Kazenbach*, 824 F.2d 649, 651 (8th Cir. 1987). "The main difficulty with such an indictment is that the jury can convict the defendant on both counts, subjecting the defendant to two punishments for the same crime in violation of the double-jeopardy clause of the fifth amendment." *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005), citing *United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir. 2004).

While the rule against multiplicity is based on a simple proposition, "discerning the proper judicial test for implementing the rule is, however, more difficult." *United*

*States v. Christner*, 66 F.3d 922, 927 (8th Cir. 1995).  As enunciated by the Supreme Court, where the same statutory violation is charged in multiple counts, "the question is whether Congress intended the facts underlying each count to make up a separate unit of prosecution."  *Bell v. United States*, 349 U.S. 81, 83-84 (1955).[1]

To determine what the allowable unit of prosecution is for a given offense, a reviewing court must evaluate whether Congress intended to punish a particular course of conduct, or whether "Congress sought to punish separately individual acts within a[ ] [criminal] episode."  *Chipps*, 410 F.3d at 448.  *See also Universal C.I.T. Credit Corp.*, 344 U.S. at 221.  If the statutory text and legislative history are not dispositive of Congress' intent, "doubt will be resolved against turning a single transaction into multiple offenses."  *Bell*, 349 U.S. at 84.

*Bell* addressed the question of "whether the simultaneous interstate transportation of two women in violation of the Mann Act (making unlawful the interstate transportation of 'any woman or girl' for immoral purposes) constituted two offenses or only one."  *United States v. Kinsley*, 518 F.2d 665, 66-67 (8th Cir. 1975).  Finding the legislative intent of the statute to be ambiguous the rule of lenity was applied.  *Bell*, 349 U.S. at 83.  Likewise, in *Ladner v. United States*, 358 U.S. 169 (1958), the discharge of a gun wounding two federal officers was found to be a single assault.  The Court concluded "we cannot find that Congress intended that a single act of assault affecting two officers constitutes two offenses under the statute."  *Id*. at 176.  Other types of charges and

---

[1] The Supreme Court's *Bell* case cited here is not to be confused with the Eighth Circuit's *Bell* decision, *United States v. Bell*, 573 F.2d 1040, 1044 (8th Cir. 1978), addressing the admissibility of coconspirator statements discussed above in Section II.A.

conduct beget a contrary result. For instance, when the Eighth Circuit considered violations of the bank fraud statute in *United States v. Barnhart*, it concluded that the statute was modeled on mail and wire fraud statutes and they should be construed broadly; concluding that each execution of a scheme to defraud constitutes a separate indictable offense. 979 F.2d 647, 651 (8th Cir. 1992).

In response to Seawood's argument that Counts, IV, V, VI, and VII were "similar and close enough in time" to be charged in single counts, the Government, argued that when there is a question as to how many courses of conduct a defendant undertook, the so-called "impulse test" should be applied. *Universal C.I.T. Credit Corp.*, 344 U.S. at 224. *See also United States v. Grimes*, 702 F.3d 460, 468 (8th Cir. 2012). "Under the impulse test, we 'treat[ ] as one offense all violations that arise from that singleness of thought, purpose or action, which may be deemed a single 'impulse.'" *Id.* (quoting *Universal C.I.T. Credit Corp.*, 344 U.S. at 224) (alteration in original).

## II.C.1. Unit of Prosecution

Seawood requests that the attempted carjacking offense alleged in Count VI be dismissed as multiplicitous of the carjacking offense charged in Count IV; these offenses are violations of 18 U.S.C. § 2119. He also requests that the use of a firearm in furtherance of a crime of violence in Count VII be dismissed as multiplicitous of the similar offense charged in Count V; these counts are in violation of 18 U.S.C. § 924(c).

## II.C.1.a.   Carjacking, 18 U.S.C. § 2119

As set out in the Indictment, Seawood is alleged to have participated in the taking, or attempted taking, of two motor vehicles by force from different people on separate

Page **10** of **16**

days.  The first vehicle was taken from a woman on April 23 and the second was taken from a man on April 27.  The dispositive question related to the carjacking charges is whether Congress intended to punish as two offenses the forcible taking of vehicles from more than one person.  The Federal carjacking statute seeks to punish the taking of a motor vehicle "from the person or presence of another by force and violence or by intimidation," or an attempt to do so.  *See* 18 U.S.C. § 2119.  Neither party nor the undersigned identified any case that has discussed what the "unit of prosecution" is for § 2119.  The first step then is to ascertain the "unit of prosecution" established by Congress for carjacking.  In reviewing the statute, the unit of prosecution is the "tak[ing] [of] a motor vehicle ... from the person or presence of another."

After ascertaining the "unit of prosecution," the next question is whether § 2119 authorizes multiple punishments for the forcible taking of two different motor vehicles from two different people, on different days.  The language of the statute narrows the focus to forcible takings from "the person or presence of another" which suggests that every such taking may be prosecuted.  In addition, the punishment provisions state that a violation of the statute could result in imprisonment of not more than 15 years, while a carjacking involving serious bodily injury increases the maximum term of imprisonment to 25 years, and a death resulting from a carjacking calls for a maximum term of imprisonment of up to life, or the death penalty.  *See* 18 U.S.C. §§ 2119(2) and (3).

The "Historical and Statutory Notes" for § 2119 emphasize "Federal Cooperation to Prevent 'Carjacking' and Motor Vehicle Theft," as follows:

> In view of the increase of motor vehicle theft with its growing threat to

> human life and to the economic well-being of the Nation, the Attorney General acting through the Federal Bureau of Investigation and the United States Attorneys, is urged to work with State and local officials to investigate car thefts, including violations of … [this section], for armed carjacking, and as appropriate and consistent with prosecutorial discretion, prosecute persons who allegedly violate such law and other relevant Federal statutes.

Pub.L. 102-519, Section 101(b). This directive leaves no doubt as to Congress' intent that individual carjacking offenses should be charged in multiple counts. The language used also encourages Federal authorities to pursue additional appropriate Federal charges, which would include § 924(c). The incremental penalties for carjackings that result in serious bodily injury and death, adds further support to the conclusion that Congress intended that prosecutors would charge multiple carjackings individually.

The two alleged carjackings in this case are a far cry from the simultaneous transportation of women in violation of the Mann Act that was present in *Bell*, or the single discharge of a firearm injuring two officers as in *Ladner*. In examining the "impulse test" it is clear that the two carjackings do not arise from a "single impulse," as the victims and cars that are the subject of Counts IV and VI are different, the forcible takings of the vehicles occurred four days apart, the alleged perpetrators of each taking are not identical although two of them are the same, and the location of each taking was in a different place.

**II.C.1.b.     Use of a Firearm during a Crime of Violence, 18 U.S.C. § 924(c)**

Seawood and his Codefendants are alleged to have used a firearm in furtherance of the two carjackings charged in Counts IV and VI. "Section 924(c)(1) proscribes the

carrying (or use) of 'a firearm' during the commission of 'any crime' of violence or drug trafficking crime.'" *United States v. Freisinger*, 937 F.2d 383, 388 (8th Cir. 1991) (rev'd on other grounds) (quoting 18 U.S.C. § 924(c)(1)).  "Offenses under section 924(c) are defined in relation to a drug trafficking crime or a crime of violence, not in terms of when the firearms were possessed." *United States v. Lucas*, 932 F.2d 1210, 1221 (8th Cir. 1991).

In regard to the § 924(c) violations alleged in Counts V and VII, the Eighth Circuit has held that the "'unit of prosecution' with regard to § 924(c) was not ambiguous because the statute 'preface[d] the object of the offense by the word 'a.'" *United States v. Sandstrom*, 594 F.3d 634, 658 (8th Cir. 2010), citing *Freisinger*, 937 F.2d at 389.  As previously noted, determining whether the *Bell* rule of lenity should apply is tricky business; and the answer to whether a double jeopardy problem exists is entirely dependent on an examination of the statutes utilized in the charging document along with the accompanying facts.  The Eighth Circuit "rejected the Sixth Circuit's conclusion [ ] that 'multiple section 924(c)(1) offenses *must* be supported by multiple underlying offenses,' [937 F.2d at 389]; however, [the Court] *never* suggested that multiple § 942(c)(1) offenses *could not* be supported by multiple predicate offenses." *Id*. (Emphasis in originals).  That is the situation present in this case, there was the possession and brandishing of a firearm in furtherance of multiple predicate offenses--the April 23 carjacking, as well as the April 27 attempted carjacking.

Additionally, the Eighth Circuit concluded that:

> [t]he language of § 924(c)(1) shows that Congress intended to impose multiple punishments for the use or carrying of a firearm during and in relation to "any" crime of violence. Carjacking-the taking by any person who possesses a firearm, of a motor vehicle from the person or presence of another by force and violence or by intimidation"-is a crime of violence." [Citations omitted]. Section 924(c)(1) provides that the five-year mandatory imprisonment for possessing a firearm in connection with a crime of violence shall be "in addition to the punishment provided for such crime," "including a crime of violence … which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon." The language shows that Congress intended to impose § 924(c)'s five-year sentence cumulatively with the punishment for a predicate violent crime, such as carjacking.

*United States v. Jones*, 34 F.3d 596, 601-02 (8th Cir. 1994), citing *United States v. Singleton*, 16 F.3d 1419, 1425 (5th Cir. 1994).

Furthermore, applying the "impulse test" to the possession and brandishing of firearms in furtherance of the carjackings, as charged in Counts V and VII, results in a conclusion that the use of a firearm against a woman on April 23 to take a Ford Fusion and the use of a firearm against a man on April 27 to attempt to take a Ford Flex did not arise from a "single impulse."

The foregoing examination of Seawood's request for Counts VI and VII to be dismissed for multiplicity requires a recommendation that the Motion (Doc. 229) be denied.

**II.D. Double Jeopardy**

Finally, Seawood argues that the charging of the carjacking offenses alleged in Counts II, IV, and VI along with the § 924(c) charges in Counts III, V, and VII, amounts to double jeopardy. (Doc. 239 at ¶ 2.) He attempts to claim that because the Government

has alleged companion § 924(c) charges for each carjacking, he is being placed "in jeopardy of life and limb" three times, which is a violation of the Double Jeopardy Clause. (Doc. 230 at 2-3.) Relying on *United States v. Jones*, 34 F.3d 596 (8th Cir. 1994), the Government requests that the Motion to Dismiss on double jeopardy grounds be dismissed.

In *Jones*, the Eighth Circuit reviewed two prior cases wherein they "ruled that the imposition of the 5-year mandatory sentence under the Firearms Act in addition to the sentence for the underlying crime of violence or drug-trafficking crime does not constitute double jeopardy." *Id*. at 601. In *United States v. Simpson*, the Eighth Circuit found that "18 U.S.C. § 924(c) explicitly states that one convicted as a principle of using a firearm to commit a violent crime may be punished both for the underlying crime and for the § 924(c) charge." 949 F.2d 1282, 1285 (8th Cir. 1992). In *United States v. Mills*, the Eighth Circuit stated that "the legislative history is clear that the Congress amended section 924(c) with the express purpose of authorizing an additional sentence to that imposed for the underlying felony." 835 F.2d 1262, 1264 8th Cir. 1987) (per curiam). In so finding, *Mills* noted that, although before 1984, § 924(c) "did not explicitly provide that its enhancement penalties applied even if the offender was prosecuted under another statute carrying enhanced penalties for the same conduct," in 1984 Congress "amended § 924(c) to make that intention perfectly clear." *Id*. at 1286 n. 2.

With that history, *Jones* "considered the double jeopardy status of multiple punishments under the carjacking and firearms statutes" and concluded that "such multiple punishments do not constitute double jeopardy because Congress has authorized

it." *Id*. at 601, citing *United States v. Singleton*, 16 F.3d 1419, 1425 (5th Cir. 1994); *United States v. Johnson*, 22 F.3d 106, 108 (6th Cir. 1994); *United States v. Mohammed*, 27 F.3d 815, 819 (2d Cir. 1994).  With that, *Jones* noted "there is no need to discuss the issue at any length."

Based on the prevailing law in the Eighth Circuit it is recommended that Seawood's Motion to Dismiss (Doc. 230) the § 924(c) charges in Counts III, V, and VII be denied.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the Defendant's Motion to Suppress Statements (Doc. 155) and Motions to Dismiss (Docs. 228, 229 and 230) be **denied**.

**IT IS FURTHER RECOMMENDED** that the Defendant's unopposed Motion for Severance (Doc. 177) be **granted**.

Further, the parties are advised that they have until March 29, 2018, within which to file written objections to this Report and Recommendation, unless an extension of time for good cause is obtained.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.  *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

Dated this 15th day of March, 2018.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE